————o————

5106.

(Court of Appeal, Parish of Orleans).

## WIDOW H. C. MILLER vs. MECHANICS AND TRADERS INSURANCE CO OF N. O.

1. Where the Public Administrator is appointed by a court of competent jurisdiction and an order issues for the sale of property, his appointment and his acts cannot be collaterally attacked.
2. Where his official acts were regular and he received and disbursed money under judicial sanction, he cannot be called upon as a warrantor to return to a purchaser the price of property sold by order of court.

Appeal from the Civil District Court, Division "D."

C. F. Claiborne, for plaintiff and appellee.

W. S. Parkerson for defendant and appellant.

E. T. Florance, attorney for A. Dugue.

DUFOUR, J.—The plaintiff, widow and heir of Henry Christian Miller, sues to compel the defendant to replace upon its books certain shares of stock in her husband's name or to account for their value, as well as for the dividends that have accrued since 1896.

The defendant does not contest its liability to the plaintiff, but calls in warranty Adolph Dugue, formerly Public Administrator.

It appears that in 1905 the insurance company, being unable to identify and locate the "Henry C. Miller" in whose name the shares of stock stood and wishing to "clear up" its books, requested Dugue, then Public Administrator, to open the Succession of Miller.

The parties were all in good faith and believed that Miller was dead but did not know that his succession had already been opened.

The application for administration was published according to law, and, no opposition having been made, Dugue was appointed and duly qualified as administrator.

The stock in controversy was sold at private sale under order of court to Nicholls for the insurance company, of which he was president, under a previous agreement to purchase for the sum of $500, and it was duly transferred on the books from Miller to Nicholls.

In due course of administration the proceeds of the sale were accounted for in a tableau of distribution duly homologated by the court and were distributed accordingly.

About a year afterwards, the administrator turned over to the State Treasurer the balance of the fund.

Under the circumstances, we are unable to perceive on

what ground Dugue can be held liable.

His official acts were regular and cannot now be collaterally attacked; he received and distributed the money under judicial scrutiny and sanction. His appointment was by a court of competent jurisdiction after legal formalities and without any opposition on the part of the heirs.

**28 An. 806; 32 An. 896; 36 An. 388.**

He was not a warrantor and he is under no legal obligation to return the purchase price or any portion thereof, when he acted under order of court at the request of and upon information given by the very party now complaining.

Judgment affirmed.

December 5, 1910.

--------o--------

5128.

(Court of Apeal, Parish of Orleans).